COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Overton
Argued at Salem, Virginia


CHARLIE MAURICE HAIRSTON

v.        Record No. 1003-94-3        MEMORANDUM OPINION*
                                   BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA              DECEMBER 19, 1995


        FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                Frank I. Richardson, Jr., Judge

        Kimble Reynolds, Jr. (Law Office of Rickey G. Young,
        on brief), for appellant.

        Marla Graff Decker, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
        for appellee.


        Charlie Maurice Hairston (appellant) appeals from a judgment

of the Circuit Court of the City of Martinsville (trial court)

that approved a jury verdict convicting him for abduction.

Appellant contends that he was denied a speedy trial as required

by the United States Constitution and Virginia Code § 19.2-243.

Finding no error, we affirm the judgment of the trial court.

        The record discloses that on June 16, 1993, appellant was

arrested pursuant to warrants issued charging him with abduction

and aggravated sexual battery.  On that same day, he was released

on bond.  On July 22, 1993, at a preliminary hearing, the charges

were certified to the grand jury.

        Appellant remained on bond until August 23, 1993, when he
was arrested pursuant to a bench warrant issued for a possible

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

parole violation based upon the charges of aggravated sexual battery and abduction. Because of the parole violation charge, appellant was held continuously in custody from the date of his arrest on August 23, 1993 until March 17, 1994, the day on which he was tried and convicted.

At the preliminary hearing, appellant was represented by the Public Defender's office. On October 18, 1993, before appellant was indicted, the trial court, by order, approved a motion made by the Public Defender to withdraw as appellant's counsel and further ordered that the trial be set for December 29, 1993. Appellant was indicted on November 1, 1993.

On the trial court's own motion, a further order entered on December 29, 1993 provided as follows:

> This case was set for trial on this day but an accumulation of snow and sleet required the Court to continue cases for those defendants who felt unable to safely come to Court and for the safety of Jurors and witnesses.
> It is therefore Ordered that this case be, and the same hereby is, continued, with no objection by the defendant, his attorney, or the Attorney for the Commonwealth.

On March 9, 1994, appellant moved the trial court to dismiss the charges. His motion was based solely upon the speedy trial provision of Code § 19.2-243. That motion was denied.

Trial pursuant to the November 1, 1993 indictment was conducted before a jury on March 17, 1994. Appellant was found not guilty of the charge of aggravated sexual battery and guilty

of abduction.

Relying solely upon Code § 19.2-243, appellant moved to set aside the jury's verdict, alleging that he should have been brought to trial within five months of his arrest for his parole violation. The motion was denied.

Appellant argues on appeal that he was denied the right to a speedy trial granted to him by the United States Constitution. He did not make that argument to the trial court, and the sole issue granted for this appeal was "whether appellant was denied a speedy trial pursuant to Code § 19.2-243." Therefore, because the ends of justice do not require a review of that issue, we decline to consider the constitutional issue raised.

Appellant further contends that the five-month provision of Code § 19.2-243 was violated. He argues that the time provision of the Code should be computed from August 23, 1993, the day he was arrested for the parole violation, and he asserts that he was not tried within the five-month period provision. In Harris v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (1995), we said:

> Code § 19.2-243 specifically sets forth two discrete time-frames, one five months in duration, the other nine months. The five month time-frame applies when the accused "is held continuously in custody thereafter . . . ." "Thereafter" plainly refers to the beginning point of the time-frame. Thus, detention in custody for a five month period does not invoke the five month rule unless that custody runs continuously from the statutory beginning point.
>
> Code § 19.2-243 specifies a nine month time-frame applicable to an accused who is not "held continuously in custody

thereafter," but is "not held in custody but has been recognized for his appearance
. . . ."

Appellant having been released on bond for the charges on which he was tried, Code § 19.2-243 does not apply to the time he was being held for the parole violation. When you apply the provisions of Code § 19.2-243 to the conviction from which this appeal emanates, appellant was tried within the speedy trial provisions contained in that statute.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>